427 So.2d 499 (1983)
Derrell A. COOK, Jr., Plaintiff-Appellant,
v.
Jamie PERRON and Rene Michelle Cook, Defendants-Appellees.
No. 82-226.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1983.
Rehearing Denied March 22, 1983.
*500 J. Minos Simon and Gregory Klein, Lafayette, for plaintiff-appellant.
Paula K. Woodruff, Lafayette, for defendants-appellees.
Before GUIDRY, CUTRER and LABORDE, JJ.
GUIDRY, Judge.
Plaintiff, Derrell A. Cook, Jr., brought this action to disavow paternity of Renee Michelle Cook, a minor child born but not conceived during his marriage to Jamie Perron Cook. Defendants, Jamie Perron Cook and Renee Michelle Cook, filed a peremptory exception of no cause of action. The trial judge sustained the exception, dismissing plaintiff's suit. Plaintiff appeals.
For the purpose of testing the validity of the exception of no cause of action, we accept the following factual allegations of the plaintiff's petition as true.
Derrell Cook first met Jamie Perron on January 1, 1979. On that date, she was already pregnant but concealed that fact from him. Sometime prior to March 13, 1979, Jamie Perron advised plaintiff that she was pregnant with his child. Jamie and Derrell Cook were married on March 13, 1979. On August 23, 1979 only five months after their marriage and only seven months after their first meeting, Jamie Perron Cook gave birth to Renee Michelle Cook, a full term normal weight baby. Jamie Perron Cook advised Derrell Cook, Jr. that Renee Michelle Cook is not his child but is the child of Joel Sholes. The parties are now physically separated and plaintiff has filed suit for separation from bed and board. Plaintiff and defendants have all undergone blood tests which conclusively show that plaintiff cannot be the biological father of the minor child.
The trial judge concluded that, considering the provisions of the Civil Code governing legitimacy resulting from marriage (La. C.C. Articles 184 et seq.), these allegations failed to state a cause of action. The correctness of this conclusion is the only issue on appeal.
The pertinent provisions of our Civil Code, as modified by the legislature with the enactment of Act 430 of 1976, provide as follows:
Art. 184. Presumed paternity of husband. The husband of the mother is presumed to be the father of all children born or conceived during the marriage.
Art. 185. Presumption of paternity, date of birth. A child born less than three hundred days after the dissolution of the marriage is presumed to have been *501 conceived during the marriage. A child born three hundred days or more after the dissolution of the marriage is not presumed to be the child of the husband.
Art. 186. Presumption of paternity, negation. The husband of the mother is not presumed to be the father of the child if another man is presumed to be the father.
Art. 187. Action in disavowal, burden of proof. The husband can disavow paternity of a child if he proves by a preponderance of the evidence any facts which reasonably indicate that he is not the father.
Art. 188. Husband's loss of right to disavowal. A man who marries a pregnant woman and who knows that she is pregnant at the time of the marriage cannot disavow the paternity of such child born of such pregnancy. If another man is presumed to be the father, however, then the provisions of Article 186 apply. The husband also cannot disavow paternity of a child born as the result of artificial insemination of the mother to which he consented.
Plaintiff alleges that the trial judge's strict construction of the word "presumed" in Article 188 is at odds with the legislative purpose behind Act 430 of 1976 which was to moderate or liberalize the law, and which provides that the presumption of paternity resulting from marriage can be overcome by factual proof.
Prior to Act 430 of 1976, the presumption of paternity resulting from marriage had been referred to as "the strongest presumption known in law". Feazel v. Feazel, 222 La. 113, 62 So.2d 119 (1952). This is because there were only certain statutorily provided instances where the husband of the mother could attempt to rebut the presumption of paternity. One such instance was where the child capable of living was born before the 180th day after the marriage (La.C.C. Art. 186), unless the husband knew of the pregnancy before the marriage. (La.C.C. Art. 190). This is the source provision of C.C. Art. 188. In many reported cases prior to the adoption of Act 430 of 1976, even though the evidence indicated that the husband could not possibly have been the biological father of the child, he nevertheless could not succeed in a disavowal action.
Act 430 of 1976, amending the civil code articles on paternity, was an attempt by the legislature to moderate and liberalize the statutory and jurisprudential rules which prevailed. As stated by our Supreme Court, "it accomplished the legislative objective of allowing the husband to disavow a child born to his wife where it is clear that he is not the father, while retaining the public policy against bastardizing the innocent child." Mock v. Mock, 411 So.2d 1063 (La.1982). The effect of the amendments is to make the presumption of paternity which had previously been irrebutable in most instances, rebutable in most instances, C.C. Art. 187. In this sense, the articles, as amended, significantly liberalize the applicable law and jurisprudence, while nevertheless retaining the presumption of paternity resulting from marriage. C.C. Art. 188 is an exception to C.C. Art. 187 and expressly provides instances where the presumption remains irrebutable. Under C.C. Art. 188, regardless of the impossibility of biological paternity, the husband who consents to the artificial insemination of the mother or the husband who knew of the pregnancy before the marriage cannot disavow the paternity of such child. The latter presumption is subject to an exception, i.e., even though the husband knew of the pregnancy before the marriage, if another man is presumed to be the father, he may then disavow paternity of such child. The dispute in this case centers on the nature of the presumption sufficient to effectuate this exception. The father contends that the evidentiary facts in this case show that he cannot possibly be the biological father of the child, therefore another man must be presumed to be the father and therefore he is not barred by C.C. Art. 188 from maintaining this action.
We do not agree with plaintiff's interpretation of the language of Article 188. To give to C.C. Art. 188 the construction urged by the plaintiff is to give no effect at all to the article, for, if interpreted as plaintiff contends, Article 188 would require *502 no more than is already required by Article 187, proof of facts which indicate that he is not the father. Rather, we opine that the legislature intended to allow the husband a right of disavowal where he knew of his wife's prenuptial pregnancy only in instances where "another man" is "presumed to be the father", as a matter of law. An example of the situation contemplated by C.C. Art. 188 would be where a woman becomes divorced from her first husband and marries a second time with her second husband's knowing that she was pregnant at the time of marriage. A child is born during the second marriage but less than 300 days after dissolution of the first marriage. In this situation, both the first and second husbands are presumed to be the father of the child. Under such circumstances, both presumed fathers could maintain an action for disavowal.
Plaintiff married the child's mother knowing she was pregnant. The child was born during the marriage of the parties. Plaintiff is thus prevented from disavowing such child by the provisions of Article 188 of the Civil Code as no one other than plaintiff is legally presumed to be the father of the child. The exception of no cause of action was correctly sustained.
AFFIRMED.